**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **STARSTONE SPECIALTY INSURANCE COMPANY** | § | |
| | § | |
| **V.** | § | **C.A. NO. 6:22-CV-125** |
| | § | |
| **SPECIALTY RESTORATION OF TEXAS, INC. AND CRAWFORD & CO.** | § | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

TO THE HONORABLE DISTRICT JUDGE:

Plaintiff StarStone Specialty Insurance Company ("StarStone") files this Complaint for Declaratory Judgment against Defendants Specialty Restoration of Texas, Inc. and Crawford & Co., pursuant to 28 U.S.C. §1332 and §2201 and would respectfully show the Court as follows:

## I.
## PARTIES

1. Plaintiff StarStone is an insurance company organized and existing under the laws of the State of Delaware with its principal place of business in Jersey City, New Jersey.

2. Defendant Specialty Restoration of Texas, Inc. ("Specialty Restoration"), is a corporation organized under the laws of the State of Texas with its principal place of business in Waco, Texas. Specialty Restoration may be served with process through its registered agent for service, Jeffrey W. Redding, 6906 Old McGregor Road, Waco, Texas 76712. StarStone requests that a citation be issued for Defendant Specialty Restoration.

3. Defendant Crawford & Co. ("Crawford"), is a corporation organized under the laws of the State of Georgia with its principal place of business in Georgia. Crawford may be served with process through its registered agent for service, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3136. StarStone requests that a citation be issued for Defendant Crawford.

## II.
## JURISDICTION AND VENUE

4. This suit is within the Court's diversity jurisdiction under 28 U.S.C. §1332 because:

a. This matter is between citizens of different states; and

b. The amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs. With this action, StarStone seeks a declaration of the rights and duties of the parties under an insurance policy issued by StarStone to Defendant Specialty Restoration in connection with a suit styled No. 2021-825-CCL2; *Joseph "Scott" Gibson, Individually and as Next of Kin to Debra Gibson v. Nationwide General Ins. Co., Contractor Connection, Crawford & Co., and Specialty Restoration of Texas, Inc.*; In the Count Court at Law No. 2, Gregg County, Texas (the "Underlying Suit"). The cost of defending Defendants Specialty Restoration and/or Crawford in the Underlying Suit and/or paying any judgment rendered against them or settlement between them and the claimant in the Underling Suit, if coverage exists, would be a sum in excess of the minimum jurisdictional limits of this Court.

5. This suit is filed pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, which authorizes actions for declaratory judgment. An actual controversy of a justiciable nature exists between StarStone and Defendants Specialty Restoration and Crawford regarding the

rights and responsibilities of StarStone under the subject policy of insurance in connection with the Underlying Suit, and a portion of the controversy relates to the validity and enforceability of a September 5, 2013 Service Agreement entered between Crawford Contractor Connection, a division of Crawford & Company, and Specialty Restoration of Texas—Tyler (which is purported to be the agreement in effect at the time of the underlying loss). Neither StarStone, Specialty Restoration nor Crawford has sought, by any other legal action, to adjudicate their respective rights involving the subject policy and service agreement.

6. Venue is proper in the Eastern District of Texas, Tyler Division, pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claim occurred in Gregg County, and because Defendants are subject to the Court's personal jurisdiction in this district.

**III.**
**THE UNDERLYING LAWSUIT**

7. The Underlying Suit, and thereby this declaratory judgment action, arises from repair work to the Gregg County residence of Joseph "Scott" Gibson and his late wife, Debra (the "Underlying Plaintiff") following a hot water leak on or about June 17, 2019. *See* **Exhibit "A"**, Plaintiff's Original Petition filed on May 7, 2021 ("Underlying Petition").

8. Generally speaking, the Underlying Petition alleges that Defendants Specialty Restoration and Crawford, among others, did not timely or capably perform the repair work and the repairs "ended up causing extensive damage to the frame and structure of the home." **Exhibit A** at IV. Facts, Bates No. STARSTONE000003.

9. Allegedly, the Underlying Plaintiff attempted to "remedy these repairs" through all Defendants but was "stonewalled" making litigation his "only option." *Id.*

10. The Underlying Petition further alleges that the Underlying Plaintiff has been required to seek other services for repairs or to do the repairs himself; that he has been required to

stay outside of his home, specifically at a hotel; and that the alleged negligence has cost him "significant money". **Exhibit A**, at B. Negligence, Bates No. STARSTONE000003-000004.

11. The Underlying Petition alleges causes of action against Specialty Restoration and Crawford & Co. for: joint enterprise, negligence, breach of warranty, and violation of certain provisions of the Texas Deceptive Trade Practices Act. The Underlying Plaintiff seeks to recover the amount of damages, pre and post-judgment interest, costs and attorney's fees.

12. However, the Underlying Petition is vague and lacks details necessary to evaluate coverage under the subject insurance policy, including but not limited to the dates of the subject repair work, the dates of notice to Defendants of the improper work and damages, and the details of the scope of the work performed and damage.

**IV.**
**THE POLICY**

13. StarStone issued Policy No. E78122210AEM (New) to Defendant Specialty Restoration, as Named Insured, for the policy period April 25, 2021 to April 25, 2022 (the "Policy"). *See* "**Exhibit B"**, the Policy.

14. The Policy includes two additional insured ("AI") endorsements that modify the Commercial General Liability ("CGL") coverage part and specifically name Defendant Crawford as an AI under certain circumstances which are detailed in the endorsements. One endorsement relates to ongoing operations. *See* **Exhibit B**, at Bates No. STARSTONE000065, Additional Insured – Owners, Lessees or Contractors – Scheduled Person or Organization (Form CG 20 10 04 13). The other endorsement relates to completed operations *See* **Exhibit B**, at Bates No. STARSTONE000073,Additional Insured – Owners, Lessees or Contractors – Completed Operations (Form CG 20 37 04 13). Both are in relation to locations where "your work" (meaning

Specialty Restoration's work) is performed as specified in the contract or written agreement between the Insured Specialty Restoration and the AI.

15. The Policy also includes a potentially applicable blanket AI endorsement for ongoing operations that modifies the CGL and Pollution forms "but only as respects the project specified in that contract and only with respect to that person's or organization's vicarious liability arising out of your ongoing operations performed for that insured" *See* **Exhibit B**, at Bates No. STARSTONE000028, Automatic Additional Insured – Owners, Lessees or Contractors, (Form SSS AREC IL 010 02 21).

16. Also, the Policy includes a blanket AI endorsement that modifies the Pollution form for completed operations but only with respect to liability caused by the Insured's work at the scheduled location ("those locations where this endorsement is required by contract") as performed for the AI and included in the products-completed operations hazard. *See* **Exhibit B**, at Bates No. STARSTONE000093, Additional Insured – Owners, Lessees or Contractors – Completed Operations (Form SSS AREC CP 007 02 21 modifying the Pollution form).

17. The Policy provides coverage subject to its terms, conditions, definitions, endorsements, exclusions and limitations, including under the CGL form that "property damage" occur during the policy period. *See* **Exhibit B**, at Bates No. STARSTONE000046 (CGL coverage form, at Section I, Coverage A,1.b.2); *see also* definition of "Property damage" at STARSTONE000060. Similarly, under the Pollution form, the Policy requires that the "pollution condition" first commence during the Policy period. *See* **Exhibit B**, at Bates No. STARSTONE000083 (Contractors Pollution Liability Coverage Part, at I.A. 2).

18. Further, the CGL form precludes coverage if, prior to the policy period, the "property damage" was known to the insured to have occurred, and under the Policy, such notice

is deemed to have been known at the earliest time when an insured receives notice of an "occurrence" or claim such as by receiving a written or verbal demand or claim for damages because of the "property damage." *See* **Exhibit B**, at Bates No. STARSTONE000046 (CGL coverage form, at Section I, Coverage A.,1.d). Similarly, coverage under the Pollution form requires that an insured not have knowledge—prior to the effective date of the Policy—of any circumstance which could reasonably be expected to give rise to a claim and that the "pollution condition" be unexpected and unintended from the insured's standpoint. *See* **Exhibit B**, at Bates No. STARSTONE000083 (Contractors Pollution Liability Coverage Part, at I.A.3, 4).

19. The CGL form also includes exclusions that potentially apply to preclude coverage, including but not limited to the following: a. Expected or Intended Injury; b. Contractual Liability; j.(5) Damage to Property; j.(6) Damage to Property; k. Damage to Your Product; l. Damage to Your Work; and m. Damage to Impaired Property or Property Not Physically Injured.

20. The Pollution form also includes exclusions that potentially apply to preclude coverage, including but not limited to the following: C. Any claim arising from any insured's intentional, willful or deliberate non-compliance with any statute, regulation, ordinance, administrative complaint or notice of violation, notice letter, executive order for instruction of any governmental agency or body; K. Professional services including the preparing, approving, or failing to prepare or approve maps, drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; and supervisor inspection, architectural or engineering activities; L. Product Liability – bodily injury, property damage, clean-up costs or emergency response costs arising out of the sale, distribution, design or manufacture of a product unless installed, applied or fabricated as part of covered operations.

21. The Policy also includes endorsements that may apply to preclude coverage including but not limited to the following: Designated Operations and Professional Services Exclusion; Exclusion of Related Claims Endorsement; Mold and Mildew Exclusion; Mold and Mildew Coverage Endorsement – Claims Made; Previously Reported Claims Endorsement; Punitive or Exemplary Damages Exclusion Amendment; Specified Drywall Exclusion; Exclusion - Engineers Architects or Surveyors Professional Liability; Exclusion - Testing or Consulting Errors and Omissions.

## V.
## UNDERLYING AGREEMENT TO PROVIDE SERVICES

22. Crawford Contractor Connection, a division of Crawford & Company, and Specialty Restoration of Texas—Tyler entered into a Service Agreement on September 5, 2013 ("Service Agreement"). *See* **Exhibit C**, Service Agreement, Bates No. STARSTONE000121-000176. The Service Agreement includes contractual obligations including provisions for defense, indemnification and additional insured status in favor of Crawford and has been purported by Specialty Restoration and/or Crawford to be the agreement under which Specialty Restoration performed the work of which the Underlying Plaintiff complains.

## VI.
## PROVISION OF A DEFENSE SUBJECT TO RESERVATION OF RIGHTS

23. The Underlying Suit remains pending as of the time of filing of this Complaint. As relating to the Underlying Petition, StarStone has agreed defend Specialty Restoration in the Underlying Suit and also to provide coverage to Specialty Restoration in relation to its contractual obligation in the Service Agreement to defend Crawford, subject to a full and complete reservation of rights including the right to deny coverage in whole or in part at a later date as may be warranted,

to withdraw the defense, and/or to proceed with a declaratory judgment action seeking a determination of the rights and duties under the Policy.

## VII.
## GROUNDS FOR DECLARATORY JUDGMENT

24. StarStone hereby incorporates and re-alleges the allegations set forth above as though fully set forth herein.

25. There is a genuine and bona find dispute and an actual controversy and disagreement regarding whether StarStone has a duty provide Defendants Specialty Restoration and/or Crawford a defense and/or indemnity under the Policy in relation to the Underlying Suit.

26. StarStone therefore requests the Court's assistance in resolving StarStone's coverage obligations, if any, and seeks a declaration that StarStone has no duty under the Policy to defend or indemnify Defendant Specialty Restoration or Crawford in the Underlying Suit; and concurrent therewith, that Crawford is not an additional insured under the Policy and that the Service Agreement is not valid and enforceable as it relates to any defense and/or indemnity obligations of Specialty Restoration to Crawford in relation to the Underlying Suit.

27. More specifically, pursuant to the Uniform Declaratory Judgment Act, 28 U.S.C. §2201, StarStone in good faith requests that the Court declare:

a. Crawford is not an AI under the Policy. Crawford is not an additional insured under the Policy as it relates to the work made the subject of the Underlying Suit which was purportedly performed under the Service Agreement. Specifically, Crawford is not an additional insured under Policy forms:

   **i.** Additional Insured – Owners, Lessees or Contractors – Scheduled Person or Organization (Form CG 20 10 04 13);

   **ii.** Additional Insured – Owners, Lessees or Contractors – Completed Operations (Form CG 20 37 04 13);

   **iii.** Automatic Additional Insured – Owners, Lessees or Contractors (Form SSS AREC IL 010 02 21); and

**iv.** Additional Insured – Owners, Lessees or Contractors – Completed Operations (Form SSS AREC CP 007 02 21).

b. The Service Agreement was not effect at all material times and is not valid and enforceable as it relates to any defense and/or indemnity obligations thereunder by Specialty Restoration in favor of Crawford.

c. No Coverage Exists under the CGL form because "property damage" did not occur within the policy period. StarStone has no duty to defend or indemnify Specialty Restoration (or Crawford, if an additional insured) under the Policy's CGL form to the extent the claims asserted in the Underlying Suit do not result from "property damage" occurring during the policy period.

d. No Coverage Exists under the Pollution form because "a pollution condition" did not first commence during the policy period. StarStone has no duty to defend or indemnify Specialty Restoration (or Crawford, if an additional insured) under the Policy's Pollution form to the extent the claims asserted in the Underlying Suit do not result from "a pollution condition" first commencing during the policy period.

e. No Coverage Exists under the CGL form because "property damage" was known to have occurred prior to the policy period. StarStone has no duty to defend or indemnify Specialty Restoration (or Crawford, if an additional insured) under the Policy's CGL form to the extent that prior to the coverage period, the insured knew (or is deemed to have known, as per the Policy), that "property damage" had occurred.

f. No Coverage Exists under the Pollution form because circumstances that could reasonably be expected to give rise to a claim where known on or prior to the effective date of the Policy. StarStone has no duty to defend or indemnify Specialty Restoration (or Crawford, if an additional insured) under the Policy's Pollution form to the extent circumstances that could reasonably be expected to give rise to a claim where known to an insured on or prior to the effective date of the Policy.

g. If the Policy is triggered, then CGL Exclusions preclude coverage. StarStone has no duty to defend or indemnify Specialty Restoration (or Crawford, if an additional insured) under the Policy's CGL form to the extent the following exclusions apply to preclude coverage:

**i.** a. Expected or Intended Injury;

**ii.** b. Contractual Liability;

**iii.** j.(5) Damage to Property;

**iv.** j.(6) Damage to Property;

**v.** k. Damage to Your Product;

**vi.** l. Damage to Your Work; and

**vii.** m. Damage to Impaired Property or Property Not Physically Injured.

h. If the Policy is triggered, then Pollution Exclusions preclude coverage. StarStone has no duty to defend or indemnify Specialty Restoration (or Crawford, if an additional insured) under the Policy's Pollution form to the extent the following exclusions apply to preclude coverage:

**i.** C. Any claim arising from any insured's intentional, willful or deliberate non-compliance with any statute, regulation, ordinance, administrative complaint or notice of violation, notice letter, executive order for instruction of any governmental agency or body;

**ii.** K. Professional services including the preparing, approving, or failing to prepare or approve maps, drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; and supervisor inspection, architectural or engineering activities;

**iii.** L. Product Liability – bodily injury, property damage, clean-up costs or emergency response costs arising out of the sale, distribution, design or manufacture of a product unless installed, applied or fabricated as part of covered operations.

i. If the Policy is triggered, then endorsements apply to preclude coverage. StarStone has no duty to defend or indemnify Specialty Restoration (or Crawford, if an additional insured) under the Policy to the extent the following endorsements apply to preclude coverage:

**i.** Designated Operations and Professional Services Exclusion;

**ii.** Exclusion of Related Claims Endorsement;

**iii.** Mold and Mildew Exclusion;

**iv.** Mold and Mildew Coverage Endorsement – Claims Made;

**v.** Previously Reported Claims Endorsement;

**vi.** Punitive or Exemplary Damages Exclusion Amendment;

**vii.** Specified Drywall Exclusion;

**viii.** Exclusion - Engineers Architects or Surveyors Professional Liability;

**ix.** Exclusion - Testing or Consulting Errors and Omissions

**PRAYER**

WHEREFORE, Plaintiff StarStone Specialty Insurance Company prays as follows:

1. For a declaration that Crawford & Co. is not an additional insured under the Policy in connection with the claims asserted in the Underlying Suit.

2. For a declaration that the Service Agreement was not effect at all material times and is not valid and enforceable as it relates to any defense and/or indemnity obligations thereunder by Specialty Restoration in favor of Crawford.

3. For a declaration that StarStone has no duty to defend Defendants Specialty Restoration of Texas, Inc. and Crawford & Co. under the Policy in connection with the claims asserted in the Underlying Suit;

4. For a declaration that StarStone has no duty to indemnify Defendants Specialty Restoration of Texas, Inc. and Crawford & Co. in connection with the claims asserted in the Underlying Suit; and

5. For such other and further relief to which StarStone may be entitled, whether at law or in equity.

Respectfully submitted,

**CHAFFE MCCALL, L.L.P.**

*/s/ Frank A. Piccolo*

**FRANK A. PICCOLO**
Texas State Bar No.: 24031227
Federal Bar No.: 30197
801 Travis Street, Suite 1910
Houston, Texas 77002
Telephone: (713) 546-9800
Facsimile: (713) 546-9806
Email: frank.piccolo@chaffe.com

**ATTORNEY FOR DEFENDANT, STARSTONE SPECIALTY INSURANCE COMPANY**

**OF COUNSEL:**

CAROLINE T. WEBB
Texas State Bar No.: 24051497
Federal Bar No.: 613260
CHAFFE MCCALL, L.L.P.
801 Travis Street, Suite 1910
Houston, Texas 77002
Telephone: (713) 546-9800
Facsimile: (713) 546-9806
Email: caroline.webb@chaffe.com